IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

DAVID CASON,

    Petitioner,

vs.                                                CASE NO. 1:07CV261-MMP/AK

WALTER MCNEIL,

    Respondent.
_____/

**REPORT AND RECOMMENDATION**

        This case is before the Court on Petitioner's *pro se* request for habeas corpus relief pursuant to 28 U.S.C. § 2254. Doc. 1. Petitioner has paid the filing fee. Respondent has submitted a response, Doc. 8, and Petitioner has filed a reply, Doc. 11, thereby placing this matter in a posture for disposition. Having carefully considered the matter, the Court recommends that habeas relief be denied.

        Petitioner is a Florida inmate incarcerated at Cross City Correctional Institution on a 15-year sentence for sexual and aggravated battery. On July 29, 2004, Petitioner was issued a disciplinary report (DR) for possession of negotiables. Doc. 1, Ex. A. More specifically, a corrections officer charged: "While conducting a search of vocational plumbing, I discovered two $100.00 bills. The $100.00 bills were folded in a piece of paper, taped under a loose board underneath the edge of the desk in inmate Cason's assigned work area." *Id*. Petitioner was found guilty of the DR charge, but it was later overturned based on the officer's failure to list all staff witnesses in the body of the DR. Doc. 8, Ex. A. The DR was subsequently rewritten to

include the following information: "[The] vocational instructor was present when [the officer] found the currency, and stated that this was inmate Cason's work area." *Id*. After hearing, Petitioner was found guilty of the DR charge, stripped of gain time, and placed on disciplinary close confinement.  Doc. 7, Ex. D.

After pursuing his administrative remedies, Petitioner filed a petition for writ of mandamus in state court.  In that proceeding, he raised two evidentiary bases for relief: (1) that the Department of Corrections failed to prove he had actual or constructive possession of the money because other inmates also had access to the desk where the money was found, and (2) that another inmate had admitted that he was solely responsible for the money.  Doc. 8, Ex. A. The court found that Petitioner had "received all of the protections enumerated in *Wolff*," and therefore he had failed "to establish that he constitutional rights were violated and...that the disciplinary proceedings departed from the essential requirements of law...."  Doc. 8, Ex. C.  In reaching its conclusions, the court pointed out that there was "'some evidence'" in the record to support the disciplinary team's decision, including the officer's first hand observations and the team's credibility determination that Petitioner "was responsible and/or complicit in the possession of negotiables." *Id*.

Petitioner appealed that decision to the appellate court via a petition for writ of certiorari. The court denied relief, finding that there was "some evidence in the record supporting the circuit court's denial of [the] mandamus petition...."  Doc. 8, Ex. F.

In the instant petition, Petitioner seeks federal habeas relief on two grounds, which can be combined into one, namely, that the hearing team's finding of guilt was arbitrary and unsupported by sufficient, competent evidence.

## **DISCUSSION**

Under 28 U.S.C. § 2254, a federal court may grant habeas corpus relief only if the state

court adjudication

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

Under the "contrary to" clause of § 2254(d), "a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts." *Williams v. Taylor*, 529 U.S. 362, 412-13 (2000). "A state-court decision will certainly be contrary to...clearly established precedent if the state court applies a rule that contradicts the governing law set forth in [Supreme Court] cases." *Williams*, 529 U.S. at 405. A state-court decision will also be contrary to clearly established Supreme Court precedent "if the state court confronts a set of facts that are materially indistinguishable from a decision of [the Supreme Court] and nevertheless arrives at a result different from [the Court's] precedent." *Id*. at 406.

Under the "unreasonable application" clause of § 2254(d), "a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [Supreme Court] decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id*. at 413. The federal court considering a habeas petition "may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Id*. at 412.

Settled circuit court precedent interpreting Supreme Court decisions is not determinative of clearly established federal law. Instead, this Court must look to the specific holdings of Supreme Court cases themselves. If the Supreme Court has not issued a specific holding on the issue at hand, then the state court's decision is not contrary to or an unreasonable application of clearly established federal law. *Carey v. Musladin*, 549 U.S. 70, 127 S.Ct. 649, 654, 166 L.Ed. 2d 482 (2006).

Further, in reviewing the decision of the state court, this Court must presume that the state court's factual determinations are correct, and the petitioner bears the burden of rebutting the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *see also Parker v. Head*, 244 F.3d 831, 835-36 (11th Cir. 2001).

The fact that the appellate court does not write "an opinion that explains the state court's rationale," does not detract from the deference owed to that court's decision. *Wright v. Secretary for the Department of Corrections*, 278 F.3d 1245, 1255 (11th Cir. 2002). Under § 2254, the Court is to focus on the result of the state proceeding, not the reasoning underlying it, since all that is required for a state-court adjudication on the merits is a rejection of a claim on the merits, not an explanation. *Id*. at 1254-55.

Furthermore, a habeas petition grounded on issues of state law provides no basis for habeas relief, as a violation of a state statute or rule of procedure is not, in itself, a violation of the federal constitution. *Engle v. Isaac*, 456 U.S. 107, 119, 102 S.Ct. 1558, 1567, 71 L.Ed.2d 783 (1982); *Branan v. Booth*, 861 F.2d 1507, 1508 (11th Cir. 1989). This limitation on federal habeas review applies equally when a petition which truly involves only state law issues is couched in terms of alleged constitutional violations. *Branan*, 861 F.2d at 1508; *see also*

*Johnson v. Rosemeyer*, 117 F.3d 104, 110 (3rd Cir. 1997) (errors of state law cannot be repackaged as federal errors simply by citing the United States Constitution).

Finally, "[f]ederal habeas relief is available to state prisoners only after they have exhausted their claims in state court." *O'Sullivan v. Boerckel*, 526 U.S. 838, 839 (1999) (citing 28 U.S.C. §§ 2254(b)(1) & (c)). To fully exhaust state remedies, "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *Id*. at 845. In addition, "the federal claim must be fairly presented to the state courts," and it must be "the same claim." *Picard v. Connor*, 404 U.S. 270, 275-76 (1971); *see also Duncan v. Henry*, 513 U.S. 364, 365 (1995) (citing *Picard*).

Claims which have not been fairly presented to the state court but are defaulted from state court review are considered technically exhausted because no remedies are available for purposes of § 2254(c). *Coleman v. Thompson*, 501 U.S. 722, 732 (1991). *See also White v. State*, 664 So.2d 242, 244 (Fla. 1995) (claims that could have or should have been raised on post-conviction and were not so raised are procedurally defaulted). However,

> In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

*Coleman*, 501 U.S. at 750.

Because Petitioner's claim involves a prison disciplinary hearing, additional considerations apply in determining whether deference should be accorded the state court's decision. "Prison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply." *Wolff v. McDonnell*, 418 U.S. 539, 557 (1974). However, where a prison disciplinary hearing may result in the loss of good time credits, an inmate is entitled to certain minimum procedures which are sufficient to insure that those credits are not "arbitrarily abrogated." *Wolff*, 418 U.S. at 557. Specifically, an inmate faced with the prospect of losing gain time must receive: (1) advance written notice of the charges against him; (2) the opportunity to call witnesses and present documentary evidence in his defense, unless allowing such would be inconsistent with institutional safety and correctional goals; and (3) a written statement by the factfinder of the evidence relied upon and the reasons for the disciplinary action imposed. *Superintendent, Massachusetts Correctional Institution v. Hill*, 472 U.S. 445, 454 (1985); *Wolff*, 418 U.S. at 563-67.

Furthermore, the requirements of due process are fully satisfied "if **some** evidence supports the decision by the prison disciplinary board to revoke good time credits." *Hill*, 472 U.S. at 455 (emphasis added). Determining whether "this standard is satisfied does not require examination of the entire record, independent assessment of the credibility of witnesses, or weighing of the evidence." *Id*. Rather, the Court should focus on "whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Id*. at 455-56.

As previously noted, Petitioner complains that there was insufficient evidence to convict him of possession of the money found taped to a desk in an area of the prison where he was attending vocational classes. According to him, the disciplinary team failed to take into account the fact that at least thirty other inmates also had access to the desk and that another inmate made an "admission of guilt."

The question is not, however, whether Petitioner could be convicted either beyond a reasonable doubt or by a preponderance of the evidence. Instead, as noted *supra*, the question is whether there was "some evidence to support the disciplinary team's finding of guilt. With that standard in mind, there was "some evidence" that Petitioner violated the rules of the prison by possessing negotiable instruments. The class instructor was present when the money was found and advised the officer conducting the search that the money was located in Petitioner's "work area." That alone is "some evidence" from which the team could conclude either that the money belonged to Petitioner or that he had placed the money under the loose board in the desk. Indeed, as pointed out by Respondent, only someone familiar with the desk would have known about the loose board. Furthermore, the disciplinary team was entitled, without second-guessing by this Court, to discount or find incredible the other inmate's claim that he, not Petitioner, "was responsible for [the] contraband." Doc. 1, Ex. F. Consequently, the state court's decision is neither contrary to nor an unreasonable application of clearly established Supreme Court precedent.

## **CONCLUSION**

Having carefully considered the matter, the Court respectfully **RECOMMENDS**:

That the petition for writ of habeas corpus, Doc. 1, be **DENIED**;

That this cause be **DISMISSED WITH PREJUDICE**.

**IN CHAMBERS** at Gainesville, Florida, this  *28th* day of April, 2009.

*s/ A. KORNBLUM*
**ALLAN KORNBLUM**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 10 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**